00cv834 pt memo
00cv834 pt memo 1
00cv834 pt memo 2

FILED
2004 MAR 10  P 3: 46
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEWARD MACHINE COMPANY | : 3:00 CV 00834 (SRU) |
| PLAINTIFF | : |
| | : |
| VS. | : |
| | : |
| WHITE OAK CORPORATION et al | : |
| DEFENDANT | : March 10, 2004 |

## JOINT FINAL PRETRIAL MEMORANDUM

The Plaintiff Steward Machine Company ("Steward") and the Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and White Oak Corporation ("White Oak") hereby submit this Joint Final Pretrial Memorandum in accordance with this Court's Order dated January 31, 2003.

1.   TRIAL COUNSEL

   For Steward:

   Barbara Crowley
   William J. Egan
   Egan & Crowley, P.C.
   234 Church Street
   New Haven, CT 06510
   phone - 203-498-8809
   fax - 203-498-8769

   For National Union:
   Gary M. Case
   Wolf, Horowitz, Etlinger & Case, LLC
   99 Pratt Street, Suite 401
   Hartford, CT 06103
   Phone - (860) 724-6667
   Fax -- (860) 293-1979

   For White Oak:

      Jane I. Milas
      Garcia & Milas, P.C.
      44 Trumbull Street
      New Haven, CT 06510
       Phone – (203)773-3824
       Fax – (203) 782-2312

2.    JURISDICTION

      Diversity jurisdiction.

3.    JURY/NON-JURY

      Non-Jury

4.    LENGTH OF TRIAL

      Seven trial days.

5.    FURTHER PROCEEDINGS

      None other than any proceedings needed in connection with the Parties' Motions in Limine

6.    NATURE OF THE CASE

      Steward case is for breach of a purchase order between it and White Oak on a public works project for which White Oak furnished a payment bond with National Union as the surety pursuant to C.G.S § 49-42. Stewards claim is for the unpaid purchase order balance, incidental damage pursuant to C.G.S § 42a-2-710, and for attorneys fees and interest pursuant to the purchase order.

      The Defendants dispute that anything is owed to the Plaintiff. The Defendants contend that the Plaintiff has been fully paid for the work which it performed in connection with its contract. The Defendants contend that the Plaintiff billed the Defendant White Oak for work which it did not in fact perform. The Defendants dispute the Plaintiff's claim for costs of storage, storage fees, and business disruption damages. The Defendants contend that such damages are not available under either the subcontract or the payment bond. To the extent that such damages are available, the Defendants contend that the Plaintiff did not incur the damages which it is claiming. The Defendants further contend that the Plaintiff cannot recover under the payment bond because it failed to provide timely notice of the claim, and further that it failed to commence an action within the

time period required under the applicable Connecticut statutes. The Defendants further contend that the Plaintiff has improperly calculated its claims for interest and service charges under the subcontract.

7. TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to a trial before a Magistrate Judge.

8. LIST OF WITNESSES

For the Plaintiff:

(a) Witnesses Expected to be Called

1. Whitney DeBardeleben – President & C.E.O. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding the history and setup of Steward Machine, the history of the project, billings, payments and damages
2. Jerry D. Shivers – Project Manager & V.P. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding the history of the project, payments and damages
3. Rachel S. Hill – C.F.O. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding billings, payments and damages
4. Hoyt W. Davis, Jr.- Manager Plant 2 Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 -Will testify the setup and operation of Plant 2 and damages

(b) Witnesses who may be called if need arises

1. Charles W. DeBardeleban – Exec. V.P. & General Counsel Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 -Will testify regarding payment/collection history
2. Simmes D. Bevill – Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages
3. James F. Alison, III– Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages
4. Jerry F. Hampton– Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages
5. D.L. Welsh – former employee of Steward Machine – 123 Underwood Drive, Palatka, FL – will testify regarding estimating of the Kansas City Southern job

6. Joe. D. White – inspector on behalf of DOT – 88 Durham Lane, Dora, AL – Will testify regarding his inspections, inspection reports, and applications for payment
7. Thurman L. Durham - inspector on behalf of DOT – 231 Ridge Ave., Bessemer, AL – Will testify regarding his inspections, inspection reports, and applications for payment
8. Danny Gist –Warrior River Steel – 2006 Waterloo, Russellville, AL – Will testify regarding the rental of his facility to Steward for storage, including attributes of facility and rental charges
9. Bill Crow – Shaw Warehouse Co., 3100 1st Avenue South, Birmingham, AL – Will testify regarding the nature of his facility for storage of equipment and contact with defendant's expert witness
10. Steven Weil – Weil Wrecker Service, 109 34th Street S., Birmingham, AL - Will testify regarding the nature of his facility for storage of equipment and contact with defendant's expert witness
11. Paul Skelton – Hardesty & Hanover, 1501 Broadway, New York, N.Y. – Will testify regarding the plans, drawings and specifications for the project
12. Brenda S. Tidwell – AR Clerk Steward Machine - Will testify regarding accounts receivable billings and payments
13. Howard Johnston – AEA Group, LLC – 2 20th Street, Suite 1400, Birmingham, AL – Will testify regarding regarding the compilation of records for Mr. Alexander and the production of those documents to Mr. Zito.

(c) Expert Witnesses

1. J. Lester Alexander, III – AEA Group. LLC, 2 20th Street, Suite 1400, Birmingham, AL

   Mr. Alexander is a certified public accountant and has approximately twenty-four years of professional experience. He is a certified fraud examiner, and he holds an accounting degree from the University of Alabama. His resume is attached.

   Mr. Alexander determined the economic costs incurred by Steward, a custom manufacturing company, due to the labor inefficiency that resulted from the unplanned storage in its fabrication shop of certain machinery specially manufactured for White Oak. In addition, he has determined the economic costs incurred to properly maintain the White Oak Project during the storage period (hereafter referred to as "maintenance"), including costs incurred to temporarily relocate the White Oak Project to mitigate additional business interruption that would have otherwise occurred.

   His opinions, the basis for his opinions, and the list of materials upon which he relies, are set forth in his report, which is attached. In summary, his opinions are as follows:

4

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

- Steward's storage of the White Oak Project led to decreased labor efficiency of 44.0 percent in its fabrication shop during the storage period. As a result, Steward incurred economic costs of $2,647,766 including pre-judgment interest through the date of trial (computed through the date of his report) during the storage period.
- In addition, Steward's storage of the White Oak Project led to decreased efficiency of 17.9 percent in its machine shop during the storage period. As a result, Steward incurred economic costs of $797,796 including pre-judgment interest through the date of trial (computed through the date of his report) during the storage period.
- Further, Mr. Alexander is of the opinion that Steward incurred economic costs of $598,811, including prejudgment interest through the date of trial (computed through the date of his report), related to the required maintenance of the White Oak Project during the storage period.

Mr. Alexander will also testify regarding standard accounting principles which are relevant to this case.

For the Defendants:

(a)   Witnesses Expected to be Called

1.  Robert Hackling – White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages
2.  Roger Toffolon - White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages
3.  George Rettig - Torre, Lentz, Gamell, Gary & Rittmaster
    100 Jericho Quadrangle, Suite 309, Jericho, NY – Will testify regarding his visual inspection(s) of the machinery, his discussions with representatives of the Plaintiff, and AIG's position regarding the Plaintiff's claims
4.  Len Geraci - A.I.G. Technical Services 175 Water Street, 7th Floor New York, NY- Will testify regarding AIG's position regarding the Plaintiff's claims
5.  Bob Pellerin – Cianbro Corp., 40 E. Dudley Town Road, Bloomfield CT – Will testify regarding his visual inspection of the machinery and other issues relating to the role of Cianbro Corp. and the procurement of the machinery
6.  Chet Muckinhirn - Cianbro Corp., 40 E. Dudley Town Road, Bloomfield CT - Will testify regarding the status of completion of the machinery and other issues relating to the role of Cianbro Corp. and the procurement of the machinery.

5

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

       7.     Daniel Furlani – State of Connecticut Department of Transportation, 280 West Street, Rocky Hill CT - Will testify regarding the status of completion of the machinery and the role of the DOT in the administration of the project

       8.     Jay Mellinger – Pennoni Associates, 36032 Horizon Drive, Suite 160, King of Prussia, PA - Will testify regarding his inspection of the machinery, his report and the reports of other Pennoni Associates employees

(c) Witnesses who may be called if need arises

1. Jack Morrissey – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages
2. Robert Wittenburg - A.I.G. Technical Services 75 Water Street, 7th Floor New York, NY - Will testify regarding his visual inspection(s) of the machinery, his discussions with representatives of the Plaintiff, and AIG's position regarding the Plaintiff's claims
3. Martina Rozumberkova - Tofias, PC, 350 Massachusetts Avenue Cambridge, MA – Will testify regarding the documents produced by the Plaintiff to the Defendants
4. George Hird – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages
5. Paul Mayotte – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages
6. Kathleen Boyle – Parsons Brinckerhoff, Parsons Brinckerhoff, One Penn Plaza, New York NY, will testify regarding the administration of the project and payments made to White Oak
7. TL Durham, Pennoni Associates, 36032 Horizon Drive, Suite 160, King of Prussia, PA - Will testify regarding his inspection of the machinery, his report and the reports of other Pennoni Associates employees

(d) Expert Witnesses

1. Frank Zito - Tofias, PC, 350 Massachusetts Avenue Cambridge, MA
Mr. Zito's expertise is in the area of calculation and analysis of construction claims and damages. He is a licensed CPA. His resume is attached. His opinions, the basis for his opinions, and the list of materials

6

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

upon which he relies, are set forth in his report, which is attached. In summary, his opinions are as follows:
- There is no amount due to the Plaintiff;
- The Plaintiff overstated its claim, assuming that a proper and reasonable method of damages is the market cost of storing the machinery including its maintenance during this period;
- The Plaintiff has double counted a portion of its claim, in that the plaintiff has claimed damages for the storage space taken by the machinery at its facility and also claims that the actual storage of the machinery for which it seeks payment caused it to lose labor efficiencies in its fabrication and machine shops;
- The alleged labor hour inefficiencies as set forth in Plaintiff's expert report are based on an assumption that the machinery caused 100% of the inefficiencies on all of the selected jobs in the fabrication and machine shops during the holding period without really knowing the actual location of the stored machinery. Further, the Plaintiff's expert's report includes highly speculative assumptions regarding (1) the reasonableness of the estimated hours and actual hours to complete a job; (2) the selected jobs that are included in determining the amount of lost efficiency; and (3) the application of the inefficiency factor to all unidentified jobs.

9. DEPOSITION TESTIMONY

For the Plaintiff:


For the Defendants:

The Defendants anticipate that Jay Mellinger will testify by deposition. The following line and page numbers will be offered (from Mr. Mellinger's deposition of July 5, 2003) –
pp. 3-5, all lines
p. 6, lines 12-25
pp. 7-24, lines 1 – 9

The Defendants anticipate that Daniel Furlani may testify by deposition. The following line and page numbers may be offered (from Mr. Furlani's deposition of July 29, 2003) –

pp. 5 – 43, all lines

The plaintiff does not agree to Mr. Furlani testifying via deposition.

7

10. EXHIBITS

For the Plaintiff:

(a) Documents expected to be offered - In addition to various items included in the list of exhibits expected to be offered by the defendants, the plaintiff expects to offer the following:

| | |
|---|---|
| P1. | 10/18/96 - Correspondence from Jerry Shivers to George Hird |
| P2. | 10/31/96 - Correspondence from Jerry Shivers to George Hird |
| P3. | 11/18/96 - - Correspondence from George Hird to Jerry Shivers |
| P4. | 4/15/97 - Handwritten notes by Jerry Shivers regarding meeting of that date |
| P5. | 4/18/97 - Correspondence from Jerry Shivers to Jack Morrissey |
| P6. | 6/5/97 - Correspondence from Jerry Shivers to Jack Morrissey |
| P7. | 6/24/99 - Correspondence from Jerry Shivers to Jack Morrissey |
| P8. | W6416 Job Detail report (Storage Costs) Purchase orders and invoices |
| P9. | W6416 Job Detail report (Storage Costs) Time Cards |
| P10. | Allendale Insurance Policy covering property of others |
| P11 | 1996, 1997, 1998, 1999, 2000 Invoices for Allendale Insurance Policy |
| P12. | Copies of all checks issued to Steward pursuant to the 2000 settlement agreement |
| P13. | Auditors' notes and papers regarding adjustments/journal entries for 1997, 1998, 1999 and 2000 |
| P14. | Steward's journal entries for adjustments regarding reserve for interest earned |
| P15. | Auditors' work papers regarding 1997 retentions |
| P16. | Auditors work papers regarding 1997 lead schedule, accounts receivable, and allowance of doubtful accounts |
| P17. | Auditors' work papers regarding 1998 retentions |
| P18 | Auditors work papers regarding 1998 lead schedule, accounts receivable, and allowance of doubtful accounts |
| P19 | Auditors' work papers regarding 1999 retentions |
| P20 | Auditors work papers regarding 1999 lead schedule, accounts receivable, and allowance of doubtful accounts |
| P21 | Auditors' work papers regarding 2000 retentions |
| P22 | Auditors work papers regarding 2000 lead schedule, accounts receivable, and allowance of doubtful accounts |
| P23 | GAP financial accounting standards |
| P24 | Blueprints of Steward facilities |
| P25 | Pictures of Steward facilities |
| P26 | Depictions of Steward facilities |
| P27 | Photographs of off-site storage facilities referenced in defendant's expert witness report |
| P28 | Expert Witness Report of J. Lester Alexander, III including all tables and exhibits contained therein |
| P29 | All documents identified in Appendix AE to the Expert Witness Report of J. Lester Alexander, III |
| P27 | Invoices regarding payment of storage charges by Steward to Warrior River Steel |

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

P28    Invoices regarding payment of storage charges by Steward to Mid-American Machine Repairs

P29    Internal Steward email from Rachel Hill to Whitney Debardeleban regarding 11/30/97 journal entry regarding reserve for interest earned

(b) Documents which may be offered

P30    Documents regarding review and copying of documents at Steward Machine by Mr. Zito and his associates

For the Defendants:

(a) Documents expected to be offered

D1. 8/9/1996 - Letter from Steve Allsopp to Archer Western Contractors re: problems and delays
D2. 10/28/1997 - Letter from Steve Allsopp to Archer Western re: Redesign for Reducers
D3. 11/10/1997 - Letter from Steve Allsopp to Archer Western re: Refusal of Acceptance of Earle Speed Reducers
D4. 11/8/1995 - Estimate
D5. 2/5/1996 - Letter from Frank Hampton to Atkinson Dilligham Lane re: Pre-engagement solicitation
D6.    8/28/1996 - Shop schedule
D7.    11/5/1996 - Shop schedule
D8.    11/22/1996 - Shop schedule
D9.    11/27/1996 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: fabrication schedule
D10.    12/31/1996 - Estimate
D11.    1/6/1997 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: fabrication status (Incl. letter 12/31/96)
D12.    4/25/1997 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Undesignated Nondestructive testing on welds
D13.    8/26/1997 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: fabrication status
D14.    10/2/1998 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Fabrication status as of September 30, 1998
D15.    4/13/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Contract modification
D16.    5/18/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Quotas - Spare Miter Gate
D17.    6/24/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Response to the non-compliance of material
D18.    7/9/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Discussion of select welds on miter gate ends

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

D19.   8/27/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Additional finish work and non-acceptance of material

D20.   10/25/1999 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: proposed retention

D21.   12/20/1999 - Letter from Gary Lawley to Atkinson/Dilligham/Lane re: Miter Gate Repairs

D22.   6/28/2000 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Revisions to miter gate

D23.   9/28/2000 - Invoice from SMI to Atkinson/Dilligham/Lane re: invoice for stops for miter gates

D24.   11/10/2000 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Respecification of guardrail safety chain

D25.   12/19/2000 - Invoice from SMI to Atkinson/Dilligham/Lane re: replacement project

D26.   12/27/2000 - Invoice from SMI to Atkinson/Dilligham/Lane re: revisions to miter gate

D27.   12/27/2000 - Invoice from SMI to Atkinson/Dilligham/Lane re: invoice for replace safety chains

D28.   12/29/2000 - Invoice from SMI to Atkinson/Dilligham/Lane re: invoice for retention

D29.   1/18/2001 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Miter Gate Outstanding Invoices

D30.   1/23/2001 - Letter from Atkinson/Dilligham/Lane to Frank Hampton re: Miter Gate Outstanding Invoices

D31.   4/231997- Letter/Contract Modification from Frank Hampton to Atkinson/Dilligham/Lane re: Unspecified nondestructive testing of weld and Large file - Inc. Estimates, time cards, letters etc.

D32.   3/26/1996 - Cost Record
D33.   6/7/1996 - Production Inquiry Report
D34.   7/23/1996 - Estimate
D35.   7/29/1996 - Estimate
D36.   7/29/1996 - Cost Record
D37.   11/16/1995 – Estimates
D38.   1/17/1997 - Letter from Simmes Bevill to AK Steel re:   Additional and rework cost
D39.   2/11/1997 - Cost Record
D40.   NA - Extra Costs
D41.   5/23/1996 - Estimate
D42.   9/29/1996 - Estimate
D43.   10/31/1997 - Cost Record
D44.   NA - Estimates
D45.   10/31/1997 - Cost Record
D46.   4/18/1998 - Estimate
D47.   4/20/1998 - Letter from Whitney Debardeleben to ABB Vetco Gray re: Estimates
D48.   5/6/1998 - Estimate

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

D49.   Various -           Time Cards
D50.   5/5/1998 - Estimates
D51.   5/28/1998 - Cost Record
D52.   7/22/1998 - Letter from ABB Vetco Gray to Simmes Bevill re: Sketch and dispositions
D53.   8/31/1998 - Fax from Simmes Bevill to ABB Vetco Gray re: Additional costs
D54.   9/13/1998 - Time Cards
D55.   NA      - Non Conforming Material Report
D56.   NA      - Non Conforming Material Report
D57.   1/12/1999        - Fax/Letter from Gudgeon Cover Plates to Frank Hampton re: Quotas
D58.         8/12/1999 - Fax/Letter from SMI to Al Johnson Construction re: Quotas (only first page recovered)
D59.         2/26/1999 - Fax from Frank Hampton to Atkinson/Dilligham/Lane re: Rates - labor rates, G&A
D60.         8/2/2000 - Letter from Frank Hampton to Atkinson/Dilligham/Lane re: Changes in shipment (earlier), earnings projections
D61.   11/10/2000 - Estimate
D62.   4/17/1997        - Non conforming Material Report
D63.   10/9/1997        - Estimates
D64.   3/4/1998 - Non conforming Material Report
D65.   6/1/1998 - Cost Record
D66.   8/24 - 8/25/98 - Time Cards
D67.   9/23/1994 - Estimate
D68.   12/6/1994        - Cost Record
D69.         3/13/1995 - Letter from Steve Allsopp to Coastal Marine Construction re: Additional charges
D70.   2/28/1996        - Cost Record
D71.         6/18/1998 - Letter from Steve Allsopp to Coastal Marine Construction re: Overhead charges
D72.   6/29/1998        - Letter from CCEI Engineer to Coastal Marine Construction re: Unacceptable overhead costs
D73.         7/16/1998 - Letter from Steve Allsopp to Coastal Marine Construction re: Overhead charges
D74.   Various - Time Cards - In the folder of Job No. Z6254
D75.   7/12/1995 - Estimate
D76.         9/12/1995 - Letter from Corps of Engineers, Chicago District to Frank Hampton Acceptance of the bid
D77.   3/4/1998 - Estimates
D78.   3/5/1998 -          Estimates
D79.   3/27/1998        - Cost Record
D80.   4/22/1998 - Pictures
D81.         4/7/2000  - Letter from Whitney Debardeleben to Coastal Bridge Company re: Time extension for the delivery

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

D82.	4/10/2000 - Letter from Whitney Debardeleben to Coastal Bridge Company re: Time extension for the delivery
D83.	- Newsletter from AISC		No Job related
D84.	7/9/1996	- Job Status Inquiry
D85.	10/10/1996 - Estimate
D86.	7/25/1995 - Letter from Keith & Schnars to Flatiron re: Cracked hub issue
D87.	7/28/1995 - Letter from Whitney DeBardeleben to Flatiron re: Response to cracked hub issue
D88.	1/23/1996 - Fax (incl. attachments) from Flatiron to Whitney Debardeleben re: Non compliance of Segmental Gear Rack
D89.	5/7/1996	- Letter from James Alison to John Rowell
D90.	6/4/1996	- Fax from Keith & Schnars to Flatiron re: Changes in Specs (Supp. Doc not provided)
D91.	7/9/1996 - Drawing from Flatiron to N/A re: Drawing Approval Status
D92.	1/20/1995 - Estimate
D93.	1/24/1995 - Change orders re: Mountlake bridge
D94.	3/17/1995 - Cost record re: Mountlake bridge
D95.	4/20/1995 - Purchase Order from Fletcher General to SMI re: PO - Centerlock Buffers
D96.	10/11/1995 - Change orders re: Mountlake bridge
D97.	10/13/1995 - Letter from Fletcher General to Thomas Baker Wash State Dept of Trans re: holes in centerlocks for 3/8 flathead cap screws

D98.	2/31/96 - Purchase Order from Fulghum Industries to SMI
D99.	11/20/1996 - Estimates
D100.	1/21/1997 - Fax/Drawings from Simmes Bevill to Fulghum Industries re: Additional costs due to the revised drawings
D101.	4/10/1997 - Fax/Drawings from Fulghum Industries to Simmes Bevill re: Modification of drawings
D102. 7/23/1997 - Cost Record
D103. 10/13/1997 - Fax from Fuller Company to Simmes Bevill re: Delays in SMI shipments
D104. 10/21/1997 - Non conforming Material Report
D105. 10/23/1997 – Letter from Whitney DeBardeleben to Fuller Company re: Work status
D106. 11/3/1997 – Fax from Fuller Company to Simmes Bevill re: Deviations from Specs
D107. 11/4/1997 - Fax/Letter from Simmes Bevill to Fuller Company re: Changes in specs
D108. 11/13/1997 - Non conforming Material Report
D109. NA -	Estimate
D110. 10/27/1993 - Non conforming Material Report
D111. 9/21/1998 - Estimate
D112.	11/6/1997 - Letter from URS Greiner to Archer Western Contractors re: Non compliance of Speed Reducers
D113. 10/20/1997 - Letter from URS Greiner to Archer Western Contractors re: SMI components are not in compliance re: hardness

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488