**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

STEWARD MACHINE COMPANY                    :          3:00 CV 00834 (SRU)
                PLAINTIFF                    :

                                      :

VS.                                                                    :

WHITE OAK CORPORATION et al                :
                DEFENDANT                    :          December 16, 2004

**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**
**PA's LOCAL RULE 9(c)(1) STATEMENT**

Pursuant to Local Rule of Civil Procedure 9(c) , the Defendant National Union Fire

Insurance Company of Pittsburgh PA hereby submits this statement of each material fact which

it contends there is no genuine issue to be tried.

1.      On or about August 8, 1994 Steward and White Oak entered into a Purchase

Order Contract (the "Purchase Order"), pursuant to which Steward agreed to fabricate and

deliver certain bridge lifting machinery ("the Machinery") to White Oak, in consideration for an

agreed-upon total price of $7,553,000. See Purchase Order, a true copy of which is attached as

Exhibit 1 to the Affidavit of Frank Zito ("Zito Affidavit"),

2.      The Machinery was to be provided in connection with a State of Connecticut

Department of Transportation Project for the Construction of the Tomlinson Bridge, New Haven

Connecticut ("the Project"). White Oak was the general contractor on the Project.
See Purchase Order, Exh, 1 to Zito Affidavit.

3.      On or about June 6, 1994 National Union as surety and White Oak as principal

issued a payment bond ("the Bond") for the Project. See Payment Bond, a true copy of which is

attached as Exhibit 2 to the Zito Affidavit.

1

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, CT 06103  *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

4.    In this action Steward has asserted a business disruption and inefficiency claim against National Union and White Oak for damages caused as a result of the alleged interference in Steward's operations caused by the presence of the Machinery at Steward's facilities from 1997 through 2000 (the "Storage Period"). This claim has been calculated based on the additional labor hours which Steward claims it was required to incur on other projects in its facilities during the Storage Period. None of the damages asserted in this claim reflect labor costs incurred on the White Oak project. The calculations supporting of this claim are included in the Expert Witness Reports of J. Lester Alexander. According to Mr. Alexander's last report, Steward claims to have incurred additional labor costs of $1,895,551 on projects other than the White Oak Project. See Zito Affidavit, ¶ 9 & 10. See also Expert Witness Report of J. Lester Alexander.

5.    In this action, Steward has asserted a "storage fee claim" of $2,111,017.23. Steward has calculated this claim by imposing a fee for its alleged storage of the Machinery during the Storage Period. The Purchase Order makes no reference to any "storage fee" to be paid by White Oak. nor is any rate for storage stated in the Purchase Order. In calculating the storage fee, Steward applied a storage rate which it allegedly obtained from warehouse and storage facilities. The storage fee claim asserted by Steward does not reflect any actual out-of-pocket fee paid or expenses incurred by Steward for storage of the machinery, but rather the amount which Steward claims it would have paid, but did not, if it had placed the machinery in storage in a storage facility. See Purchase Order; Zito Affidavit, ¶ 11.

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, CT 06103  *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

6.      On or about August 24, 2000, Steward, National Union and White Oak entered

into an Agreement (the "August 2000 Agreement") with respect to the Machinery and this

Action.   Paragraph 12 of the August, 2000 Agreement provides:

> Steward National Union and White Oak each agrees that it will not seek to recover in the
> Bond Action any damages accruing after the date of this Agreement.

See August 2000 Agreement, a true copy of which is attached to the August, 2000 Agreement is

attached as Exhibit 3 to the Zito Affidavit.

7.      Each of Steward's claims against National Union include substantial claims for

prejudgment interest accruing after August 24, 2000. See Zito Affidavit, ¶ 13.

8.      Steward's claim against National Union includes a "costs of storage claim" of

$ 431,669, consisting of labor and material costs which Steward claims it actually incurred to

store, move and maintain the machinery during the Storage Period. See Zito Affidavit, ¶ 14. See

also Expert Witness Report of J. Lester Alexander.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA


BY_____
          Gary M. Case
          Wolf, Horowitz, Etlinger & Case, LLC
          241 Main Street
          Hartford, CT  06106-1852
          (860) 724-6667
          ct09610

3

## <u>CERTIFICATION</u>

This is to certify that a true copy of the foregoing document was mailed via first class postage, prepaid, this 16th day of December, 2004, to all counsel of record.

William Egan
Barbara Crowley
Egan & Crowley
234 Church Street
New Haven, CT  06510


Jane I. Milas
Garcia & Milas, P.C.
44 Trumbull Street
New Haven, CT  06510
Phone – (203)773-3824
Fax – (203) 782-2312

Gary M. Case

41914

4

WOLF, HOROWITZ, ETLINGER, & CASE  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, CT 06103  *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488