THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEWARD MACHINE CO, INC. | : | CIVIL ACTION NO. |
| | : | |
| | : | 3:00CV00834(SRU) |
| V. | : | |
| | : | |
| WHITE OAK CORPORATION | : | |
| | : | |
| AND | : | |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA. | : | JANUARY 26, 2005 |

## LOCAL RULE 9(c)2 STATEMENT

Pursuant to local rule 9(c)2 the plaintiff, Steward Machine Co. Inc. ("Steward") submits this statement with respect to each material fact as to which the defendant National Union Fire Insurance Company of Pittsburgh, PA ("National")contends there is no genuine issue to be tried its statement of the material facts as to which it claims there is a genuine issue to be tried.

I

With respect to National's Local Rule 9(c)1 statement, Steward responds as follows:

    1-3    The allegations of material facts contained in paragraphs 1-3 are admitted.

    4-5    The allegations of material facts contained in paragraphs 4-5 are denied.

    6.    The allegations of material facts contained in paragraphs 6 are admitted.

7. The allegations of paragraph 7 are denied in so far as they contain any allegations that Steward's claim for interest is based on C.G.S 37-3a, which provides for prejudgment interest in the court's discretion. Steward's claim is for the mandatory statutory interest required by C.G.S 49-42.

II

Steward contends that there is a genuine issue to be tried with respect to the following material facts:

1. In 1996 Steward and White Oak entered into an agreement under the terms of which Steward would store and maintain the machinery that Steward had specially manufactured for White Oak at its plant in Birmingham, Alabama until such time as White Oak could accept delivery of machinery.

2. Under the terms of the agreement White Oak agreed to pay Steward $8.00 per square foot per month for inside storage and $5.00 per square foot per month for outside storage.

3. During the 47 months that Steward stored and maintained the machinery Steward advised White Oak that Steward did not want to store the machinery, and that the presence of the machinery was greatly interfering with operations of Steward's facilities, and causing Steward to incur economic costs significantly in excess of the amount of the storage fees White Oak had agreed to pay.

4. The presence of the White Oak machinery interfered with Steward's operations in a number of ways, including but not limited to:

    a)    It hampered the lay out of other jobs by taking up space needed for the layouts of the pieces for those jobs; thereby resulting in the jobs having to be done in a more piece meal fashion..

    b)    At various times different pieces of the machinery would have to be moved around to different locations within Steward's facilities so that Steward's employees could access various machines, tools and work stations necessary for other jobs; which required Steward's employees to spend time and utilize overhead cranes and other equipment to move the machinery.

    d)    It reduced the assembly work areas requiring assembling on other jobs to be done in a piece meal fashion.

    c)    The machinery required regular maintenance by Steward's employees

5.    The total costs incurred by Steward as a result of the storage of the White Oak machinery are:

| | | | |
|---|---|---|---|
| A. | Economic Costs incurred by the Fabrication and Machine Shops | | |
| 1) | Variable costs based on labor hours | | $1,160,202 |
| 2) | Fixed shop cost | | $ 262,656 |
| 3) | Overhead cost | | $ 300,246 |
| | | Total Economic Costs | $1,723,104 |
| 4) | Reasonable Profit margin | | $ 172,447 |
| | | Total costs and profit | $1,895,551 |
| B. | Economic Costs from Steward's Storage Job Record | | |

| | | | |
|---|---|---|---|
| 1) | Direct Material Cost | | $ 13,580 |
| 2) | Direct Subcontractor Cost | | $  6,405 |
| | Total Materials & Subcontract | | $ 19,985 |
| 3) | Labor costs | | $ 119,580 |
| 4) | Variable costs based on labor hours | | $ 292,134 |
| | Total | | $ 431,699 |

6. The $1,895,551 of total costs incurred by the fabrication and machine shops, together with the profit on those costs, is what has been referred to in the course of discovery as the "business interruption and inefficiency claim".

Dated at New Haven, Connecticut, this 26h day of January 2005.

STEWARD MACHINE CO., INC.

By /s/ William J. Egan
William J. Egan
Federal Bar No. ct04161

Egan & Crowley, P.C.
234 Church Street
New Haven, CT 065510
Tel. (203) 498-8809
Fax (203) 498-8769

## **CERTIFICATION**

This is to certify that on this 26th day of January 2005, a copy of the foregoing was mailed, postage prepaid, to:

Gary M. Case
Wolf, Horowitz, Etlinger, & Case, L.L.C.
99 Pratt Street
Hartford, CT 06103

Raymond Garcia
Jane Milas
Frederick Hedberg
Garcia & Milas
44 Trumbull Street
New Haven, CT 06510

Barbara E. Crowley