UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEWARD MACHINE CO. : | |
| : | DOCKET NO. |
| Plaintiff, : | 3:00-CV-00834 (SRU) |
| : | |
| V. : | |
| : | |
| WHITE OAK CORP., ET AL : | |
| : | |
| Defendants. : | February 10, 2005 |

### THE DEFENDANT WHITE OAK CORPORATION'S AND DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE AND/OR MOTION IN LIMINE

The defendants White Oak Corporation ("White Oak") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") file the following Memorandum in support of their Motion to Exclude Evidence and/or Motion in Limine of even date herewith.

I.  **Factual Background**

The present matter arises out of a project known as the Tomlinson Bridge project ("the project") in New Haven, Connecticut. White Oak was the general contractor on the project pursuant to a contract between White Oak and the State of Connecticut Department of Transportation ("DOT"). The plaintiff, Steward Machine Co., Inc. ("Steward"), supplied certain machinery to the project.

The present lawsuit was commenced by writ, summons and Complaint dated May 2, 2000. The Complaint is a single count Complaint.

The essential allegations of the Complaint are as follows:

1. that White Oak entered into a purchase order contract with Steward on August 8, 1994 ("the purchase order") pursuant to which Steward agreed to manufacture the machinery and deliver it to White Oak in New Haven (Complaint, ¶ 5);

2. that Steward has fully performed its obligations under the purchase order except those obligations White Oak directed Steward not to perform (Complaint, ¶ 12);

3. that the purchase order required White Oak to pay Steward's invoices within 10 days after the DOT paid White Oak for the machinery or within 60 days of Steward's invoice, whichever was sooner (Complaint, ¶ 13);

2

4.      that White Oak has not paid Steward in accordance with the terms of the purchase order (Complaint, ¶ 14);

5.      that the purchase order also provided for a service charge of 1% per month on all amounts not paid in accordance with the payment terms of the purchase order (Complaint, ¶ 15);

6.      that the purchase order provided for attorneys' fees and costs if Steward was required to engage an attorney to enforce its rights under the purchase order (Complaint ¶ 16);

7.      that National Union issued a payment bond for the project pursuant to Conn. Gen. Stat. § 49-41 (Complaint, ¶ 3);

8.      that Steward made demand against White Oak pursuant to Conn. Gen. Stat., § 49-41a to place funds DOT paid to White Oak for machinery furnished by Steward, but that White Oak had not paid to Steward, in an interest bearing escrow account within the State of Connecticut, but that on information and belief White Oak had not done so (Complaint, ¶¶ 19, 20);

9.      that on December 20, 1999 Steward provided notice if its claim for equipment, storage charges, and interest in the then amount of $2,732,955.40 pursuant to Conn. Gen. Stat. §49-42 (Complaint, ¶¶ 21, 22).

3

Steward's cause of action, as alleged in its Complaint, is based on the August 8, 1994 purchase order between Steward and White Oak. Steward further alleges a claim against the payment bond for any amounts Steward is owed by White Oak under the purchase order. The only contract or agreement alleged in Steward's Complaint is the 1994 purchase order. There is no mention or reference to any separate or collateral contract.

In the Joint Final Pretrial Memorandum, dated March 10, 2004, Steward again pleads that its case

> is for breach of a purchase order between it and White Oak on a public works project for which White Oak furnished a payment bond with National Union as the surety pursuant to Conn. Gen. Stat. § 49-42.

Joint Final Pretrial Memorandum, page 2, ¶ 6. In addition, Steward's portion of the Joint Trial Memorandum made clear that its theory of recovery with respect to the "storage charges" flowed from rights under the Uniform Commercial Code, and not any common law remedies. In particular, Steward claimed that it was entitled to "storage charges" as a component of its "incidental damages" under Connecticut General Statutes § 42a-2-710. See Joint Final Pretrial Memorandum, page 35, ¶ 52. This allegation is at odds with any suggestion that Steward was pursuing a claim for breach of a "collateral contract" and

4

common law remedies, since the alleged basis for recovery is the Uniform Commercial Code, not the common law.

On December 16, 2004 National Union filed its Motion in Limine and Motion for Summary Judgment. In this Motion, National Union argued that Steward could not recover its "storage charges" as "incidental damages" under Commercial Code § 42a-2-710, because they do not reflect actual out-of-pocket expenses incurred by Steward. National Union further argued that the purchase order barred Steward from claiming that the "storage charges" were recoverable based on any alleged oral modification of the contract, since oral modifications are expressly precluded by the plain terms of the purchase order.

On or about January 26, 2005 Steward filed a Response of Steward Machine Co., Inc. to National Union's Motion for Summary Judgment. In its response, for the first time, Steward alleges "alternate theories of recovery." In addition to alleging it is owed monies based on the August 8, 1994 purchase order contract (which Steward now calls the "original contract"), Steward also alleges the existence of a separate collateral contract which Steward calls the "collateral storage agreement." Response of Steward Machine, pp. 2, 8-10. Steward alleges that it is entitled to damages based on alleged breaches of the purchase order contract and/or the collateral storage contract. See,

Response of Steward Machine, pp. 8-11. Steward makes this allegation notwithstanding the fact that neither its Complaint, nor its portion of the Joint Trial Memorandum, makes any claim or contention regarding the existence of any "collateral" contract.

## II.   Argument

The federal rules are designed to, among other things, provide for the orderly pleading and presentation of evidence and eliminate unfair surprise and prejudice. The present matter was commenced almost five years ago. For almost five years Steward has claimed entitlement to the relief it seeks based on a specific purchase order contract and a payment bond. The defendants have filed their answers and affirmative defenses based on these theories of recovery alleged by Steward in its Complaint and in all subsequent pleadings prior to January 26, 2005. The defendants have conducted extensive discovery, including trips to Birmingham, Alabama for an expert witness deposition and document review at Steward's facilities, based on Steward's theories of recovery articulated in the Complaint. The parties engaged in mediation. All of these pre-trial efforts by defendants were conducted based on the theories of recovery articulated by Steward in its Complaint.

Almost five years after the filing of the Complaint, and just one month before trial, Steward articulates for the first time, in a response to a summary judgment motion

6

filed by National Union, an alternate theory of recovery based on a separate contract. The defendants believe Steward will seek to present evidence concerning the existence of, terms, and conditions of this alleged separate "storage agreement." Allowing Steward to present evidence regarding a contract which has not been pled would unfairly prejudice the defendants and further confuse the issues to be decided. Evidence which unfairly prejudices a party or confuses the issues may properly be excluded. Fed. R. Evid. 403.

The propriety of excluding this evidence becomes even more apparent considering that the alleged separate "storage agreement" on which Steward apparently now bases its claim for damages is one that should have been known to Steward and, thus, should have been pled, since Steward alleges it was one of the parties to the "storage agreement." There is no reason justifying Steward's failure to plead this separate agreement as a basis of recovery of its alleged damages.

Steward states that a collateral agreement "'creates an entirely distinct and different obligation' from the original agreement." Response of Steward Machine to National Union's Motion for Summary Judgment, p. 8, fn. 5 (citing, Cornell University v. UAW Local 2300, 942 F2d. 138, 140 (2d. Cir. 1991). Steward states that the purchase order contract is governed by the Uniform Commercial Code, while the collateral

contract is governed by general contract law, which gives Steward additional remedies. See, Response of Steward Machine to National Union's Motion for Summary Judgment, pp. 8-11. Therefore, allowing Steward to present evidence on the alleged collateral storage contract not only unfairly raises new factual issues but also raises new legal theories concerning the respective obligations of the parties and potential damages.

The rules of civil procedure are designed to provide the parties with notice. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts have held that this imposes a requirement that the plaintiff identify in its Complaint the specific contract from which the plaintiff claims the obligations of the defendants flow. Lee v. City of Hartford/Hartford Public Schools, 289 F. Supp. 2d 25 (D. Conn. 2003 (dismissing complaint which failed to allege factual basis for existence of a contract). Steward has failed to identify any collateral storage contract in any pleading from May, 2000 to January 26, 2005. Fairness dictates that Steward's claims must be tried based on the facts and theories alleged in its Complaint, not based on new claims and theories alleged for the first time a month prior to trial. The defendants respectfully request that the Court exclude any evidence on the existence, terms or conditions of a "collateral storage agreement."

WHITE OAK CORPORATION

BY: _____
Jane I. Milas, Esq.
Garcia & Milas, P.C.
44 Trumbull Street
New Haven, CT 06510
Tel. No. (203)773-382
ct01271


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

BY: _____
Gary M. Case, Esq.
Wolf, Horowitz, Etlinger &
   Case, LLC
99 Pratt Street
4th Floor
Hartford, CT 06103
Tel. No. (860)724-6667
ct09610

9

## CERTIFICATION

This is to certify that on this 10th day of February, 2005, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record, as follows:

Attorney Barbara Crowley
William Egan, Esq.
Egan & Crowley
234 Church Street
New Haven, CT 06510

_____
Jane I. Milas