perform other projects. These labor charges amount to breach of contract damages and are not recoverable under the bond.

    **3.    Steward cannot recover its business disruption damages from White Oak or National Union because they are "consequential damages" which are not available to an aggrieved seller under the Uniform Commercial Code.**

In its opening brief, National Union asserted that Steward's business disruption damages were not recoverable against either National Union or White Oak under the Uniform Commercial Code. See National Union's Brief at pp. 22-26. Specifically, National Union argued that Steward, as an aggrieved seller under the Code, was permitted to recover only its "incidental damages" and not any "consequential damages" flowing from a breach of the Purchase Order. See Connecticut General Statutes § 42a-2-701 (aggrieved seller may recover "incidental damages" from buyer). National Union also argued that the delay damages sought by Steward were in fact consequential damages and not incidental damages. See Brief at pp. 22-26.

Steward makes no attempt to address, much less distinguish, the cases cited by National Union. Steward does not appear to contest National Union's claim that an aggrieved seller is entitled only to "incidental" damages and not "consequential" damages. Instead, Steward cites Bead Chain v. Saxton Products, 183 Conn. 266 (1981). While this case does in fact discuss the measure of recovery allowed under § 42a-2-708 for an aggrieved seller of goods, it does not support Steward's argument. In fact, Bead Chain v. Saxton Products makes clear that the seller is limited to incidental damages, plus profit which the seller would have made on the contract had the buyer fully performed. However, Steward's business disruption damages are not calculated by reference to the profit it would have earned on its contract with White Oak. Steward's claim

is instead calculated based on consequential damages consisting of the additional labor hours incurred by Steward to complete its other projects during the storage period.

### 5. None of the cases cited by Steward recognize or extend liability of a payment bond surety for the consequential damages claimed by Steward.

The cases cited by Steward in its brief are easily distinguishable and do not support its claim that National Union's liability extends to the consequential damages claimed by Steward. For example, Steward cites <u>Cam-Ful Industries v. Fidelity & Deposit</u>, 922 F.2d 156 (2d Cir. 1991). This case merely holds that a payment bond surety can be liable for additional work performed by the claimant at the request of the principal. This case is inapposite because it does not address the issue presented by Steward's claim here -- whether the payment bond surety is also liable for the claimant's consequential damages which have been calculated by reference to the claimant's costs to complete other projects.

Steward also cites <u>Brogan v. National Surety Corporation</u>, 246 U.S. 257 (1981). In this case the United States Supreme Court held that a grocer which had supplied provisions to laborers for work on the bonded project could recover under the bond. There was no dispute that the groceries and supplies were provided and consumed in connection with the bonded project. This case is not analogous since Steward is seeking to recover for labor charges incurred on other, non-bonded projects.

Finally, Steward cites <u>JP Byrne v. Fire Associates of Philadelphia</u>, 260 F.2d 451 (2d Cir. 1958). Here a supplier sold tires to the general contractor for use in connection with the bonded contract. The supplier later sought to recover for non-payment from the surety. The surety claimed that it was not responsible for some of the charges because some of the tires may not have been used in connection with the bonded project. The Court held that the surety was liable

because, at the time of the sale, both parties (the buyer and the seller) reasonably contemplated that all of the tires would be used as part of the bonded project. This case is not analogous since the claimant was not seeking delay damages but instead was seeking reimbursement for materials provided under its contract with the contractor.

IV.  **Steward is Barred From Seeking Interest and Service Charges Accruing After August 24, 2000**

Steward's tortured reading of the August 24, 2000 Agreement must be rejected. The term "damages accruing after the date of this Agreement" plainly encompasses the interest and service charges claimed by Steward. The Agreement must be enforced as written. The term "damages accruing" must be given its natural and ordinary meaning. Under Connecticut law, interest is deemed to be an element of "damages". Steward cannot avoid the terms of the contract by claiming, after the fact, that it did not intend to give up its claims for interest and finance charges. Connecticut law makes clear that "interest" is considered an element of "damages."

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

BY _____
Gary M. Case
Wolf, Horowitz, Etlinger & Case, LLC
99 Pratt St, Suite 401
Hartford, CT 06103
(860) 724-6667
ct09610

## CERTIFICATION

     This is to certify that a true copy of the foregoing document was mailed via first class postage, prepaid, this 14th day of January, 2004, to all counsel of record.

William Egan
Barbara Crowley
Egan & Crowley
234 Church Street
New Haven, CT  06510


Jane I. Milas
Garcia & Milas, P.C.
44 Trumbull Street
New Haven, CT  06510
Phone – (203)773-3824
Fax – (203) 782-2312

 

_____
Gary M. Case

56027

# EXHIBIT A

LEXSEE 2000 CONN. SUPER LEXIS 2730

Sharon Reilly v. Frederick T. Benoit

551426

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW LONDON, AT NEW LONDON

*2000 Conn. Super. LEXIS 2730*

October 12, 2000, Decided
October 12, 2000, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** For the foregoing reasons, the plaintiff's motion for summary judgment is denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff moved the trial court (Connecticut) for summary judgment on the grounds that the defendant breached the contract, that his conduct constituted an unfair and deceptive trade practice, and that he violated the Home Improvement Act.

**OVERVIEW:** The issue brought before the court was whether the plaintiff's motion for summary judgment should have been granted on the grounds that the defendant was in breach of contract, that the defendant's conduct constituted an unfair and deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act, and that the defendant violated the Home Improvement Act, thus rendering oral and written contracts between the parties invalid and unenforceable. The court decided that even though plaintiff presented a question of fact as to the existence of whether there was a valid contract, because her claim for alleged violation of the Home Improvement Act was used to support her claim of unfair business practice, the court denied the motion. No evidence was presented on her claim, and an independent cause of action was unavailable to a homeowner seeking recovery from a contractor. Thus, plaintiff failed to demonstrate a genuine issue of material fact.

**OUTCOME:** Judgment denied. Plaintiff relied upon the defendant's alleged violation of the Home Improvement Act to support her claim of unfair business practice. No evidence was presented on such a claim. Thus, plaintiff failed to demonstrate a genuine issue of material fact as to whether the defendant's conduct was an unfair or deceptive trade practice.

**CORE TERMS:** Home Improvement Act, summary judgment, counterclaim, unfair, trade practice, deceptive, homeowner, enforceable contract, roof, independent cause of action, question of fact, memorandum, unenforceable, genuine issue of material fact, contractor, breach of contract, genuine issue, material fact, breached, judicial district, per se violation, directed verdict, moving party, common law, conjunction, repair, Connecticut Unfair Trade Practices Act, issue of material fact, cause of action, failing to pay

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Supporting Papers & Affidavits*
[HN1] Conn. Gen. Prac. Book, R. Super. Ct. 17-45 states the adverse party, prior to the day the case is set down for short calendar, shall file opposing affidavits and other available documentary evidence in support of their response to a motion for summary judgment.

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN2] Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Gen. Prac. Book, R. Super. Ct. § 17-49.

*Civil Procedure > Summary Judgment > Supporting Papers & Affidavits*
*Civil Procedure > Trials > Judgment as Matter of Law*
[HN3] Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits.

*Contracts Law > Consideration > Mutual Obligation*
[HN4] To form a valid and binding contract, there must be a mutual understanding of the terms that are definite and certain between the parties.

*Contracts Law > Formation > Offer*
*Contracts Law > Formation > Acceptance*
[HN5] To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties.

*Contracts Law > Consideration > Enforcement of Promises*
[HN6] If the minds of the parties have not truly met, no enforceable contract exists.

*Civil Procedure > Jury Trials > Province of Court & Jury*
[HN7] The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence.

*Torts > Business & Employment Torts > Unfair Business Practices*
[HN8] In determining whether a practice violates Connecticut Unfair Trade Practices Act, an appellate court uses the following criteria: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers.

*Civil Procedure > Jury Trials > Province of Court & Jury*
*Torts > Business & Employment Torts > Unfair Business Practices*
[HN9] Whether a practice is unfair and thus violates Connecticut Unfair Trade Practices Act is an issue of fact. The facts found must be viewed within the context of the totality of the circumstances which are uniquely available to the trial court.

*Torts > Business & Employment Torts > Unfair Business Practices*
[HN10] Failure to comply with the written contract requirement of the Home Improvement Act is a per se violation of the Connecticut Unfair Trade Practices Act. Conn. Gen. Prac. Book, R. Super. Ct. § 20-427(c).

*Torts > Business & Employment Torts > Unfair Business Practices*
[HN11] The Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor but rather provides a homeowner with a defense, preventing a contractor from recovering against a homeowner when he is not in compliance with the statute.

*Contracts Law > Consideration > Enforcement of Promises*
[HN12] Unless a home improvement contract conforms to requirements of the Home Improvement Act, it is not valid or enforceable. *Conn. Gen. Stat. § 20-429(a)*.

**JUDGES:** D. Michael Hurley, Judge Trial Referee.

**OPINIONBY:** D. Michael Hurley

**OPINION:** MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (# 111)

The issue before the court is whether the plaintiff's motion for summary judgment should be granted on the grounds that the defendant is in breach of contract, that the defendant's conduct constituted an unfair and deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act and that the defendant violated the Home Improvement Act thus rendering oral

and written contracts between the parties invalid and unenforceable.

## FACTS

The plaintiff, Sharon Reilly, filed an amended complaint on December 6, 1999, alleging that the defendant, Fred Benoit, contracted with her to replace her roof and repair her chimney but that the defendant's work was either incomplete or improperly done. The plaintiff further alleges that the defendant is in breach of oral and written contracts, that [*2] the contracts are in violation of the Home Improvement Act, *General Statutes § 20-418* et seq., and that the defendant's conduct constitutes an unfair or deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110.

On January 4, 2000, the defendant filed an answer and counterclaim to the complaint, primarily alleging that the plaintiff breached their contract by failing to pay for extra labor and disposal costs associated with removing three additional layers of shingles from the plaintiff's roof and by failing to pay for other work set forth in the counterclaim.

On March 8, 2000, the plaintiff moved for summary judgment on the ground that there is no genuine issue as to any material fact in the complaint. In her supporting memorandum, the plaintiff alleges that there is no issue of material fact regarding whether the agreements between the plaintiff and the defendant are enforceable. She further alleges in the memorandum that the contracts between the plaintiff and the defendant, oral or written, for repair of the roof and for prior work violate the Home Improvement Act. For this reason, she alleges that the contracts are [*3] unenforceable and that the defendant's conduct constitutes an unfair or deceptive trade practice. n1 In support of her motion, the plaintiff filed a copy of the defendant's written proposal for the replacement of her roof.

> n1 It is unclear whether the plaintiff seeks summary judgment on the complaint, the defendant's counterclaim, or both. The plaintiff's motion indicates that there is "no genuine issue as to any material fact in the Complaint." (Pl's. Motion for Summary Judgment.) The plaintiff's memorandum in support of the motion states that there is "no issue of material fact with regard to the enforceability of any of the agreements between the Plaintiff and Defendant." (Mem. in Support of Mot. for Summary Judgment.) Because of this ambiguity, the court assumes that the plaintiff is moving for summary judgment on both the complaint and the counterclaim.

The defendant filed a motion for an extension of time within which to respond to the plaintiff's motion for summary judgment on March 22, 2000, whereupon [*4] the court granted the defendant the additional 30 days requested. On June 23, 2000 n2, the defendant filed an objection to the plaintiff's motion for summary judgment, essentially stating that the Home Improvement Act does not provide an independent cause of action, that there is a question of fact as to whether the Home Improvement Act applies to this case, and that the issue of whether the bad faith exception to the Home Improvement Act may be invoked is also a question of fact. Additionally, the defendant filed an affidavit wherein he makes statements regarding not only the roof installation, but also past work that he had done for the plaintiff.

> n2 [HN1] Section 17-45 of the Rules of Practice states: "the adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Thus while the defendant clearly submitted his documents long after the deadline set by the court, he did file them prior to August 7, 2000, the date this motion was argued.

[*5]

## DISCUSSION

" [HN2] Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714, 735 A.2d 306 (1999)*; Practice Book § 17-49. [HN3] Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." *Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995)*. "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) *Id.*, 752. "[A] directed verdict may be rendered only where, on the evidence *viewed in the light most favorable to the nonmovant*, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) *Id.* "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any [*6] genuine issue of material fact." *State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988)*. "As the party

moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." *Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,* 231 Conn. 756, 796, 653 A.2d 122 (1995).

The plaintiff alleges in the first count of the complaint that the defendant breached oral and written contracts. " [HN4] To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." *L&R Realty v. Connecticut National Bank,* 53 Conn. App. 524, 534, 732 A.2d 181 (1999), cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). " [HN5] To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties." *Bridgeport Pipe Engineering Co., Inc. v. DeMatteo Construction Company,* 159 Conn. 242, 249, 268 A.2d 391 (1970). " [HN6] If the minds of the parties have not truly met, no enforceable contract exists." *L&R Realty v. Connecticut National Bank, supra,* 53 Conn. App. 535. [*7] " [HN7] The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence." *Id. at 534.*

Here, the defendant denies the existence of a contract in his answer. The only evidence that the plaintiff advances to support her contention that an enforceable contract existed is a copy of the estimate provided by the defendant. Because the existence of a contract is a question of fact and because the plaintiff has failed to submit evidence in light of which no jury could deny the existence of a valid and enforceable contract, there is still a genuine issue of material fact to be decided.

The plaintiff alleges in the second count of the complaint that the defendant violated CUTPA. [HN8] In determining whether a practice violates CUTPA, we use the following criteria: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [*8] (3) whether it causes substantial injury to consumers . . ." *Williams Ford, Inc. v. Hartford Courant Co.,* 232 Conn. 559, 591, 657 A.2d 212 (1995). " [HN9] Whether a practice is unfair and thus violates CUTPA is an issue of fact . . . The facts found must be viewed within the context of the totality of the circumstances which are uniquely available to the trial court." *Thomas River Recycling v. Gallo,* 50 Conn. App. 767, 794, 720 A.2d 242 (1998). [HN10] Failure to comply with the written contract requirement of the Home Improvement Act, however, is a per se violation of CUTPA. *A. Secondino & Son v. LoRicco,* 215 Conn. 336, 343, 576 A.2d 464 (1990); General Statutes § 20-427(c) ("a violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b").

[HN11] The Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor but rather provides a homeowner with a defense, preventing a contractor from recovering against a homeowner when he is not in compliance with the statute. See *Faragasso v. DeGeorge Home Alliance, Inc.,* 1998 Conn. Super. LEXIS 3449, [*9] Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 1 62664 (December 7, 1998) (*D'Andrea, J.*); see also *McClain v. Byers,* 1995 Conn. Super. LEXIS 1200, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 19, 1995) (*Hauser, J.*) (14 Conn. L. Rptr. 99) ("the weight of the case law on this type of suit by a homeowner suggests that [the Home Improvement Act] is a defense and does not provide an independent cause of action for a homeowner against a contractor").

While the plaintiff alleged in her complaint that the defendant violated the Home Improvement Act, it was not appropriate to do so based upon a consistent finding among Superior Court cases that the Act does not provide an independent cause of action. Because the plaintiff relies solely on the defendant's alleged violation of the Home Improvement Act to support her CUTPA claim, and presents no evidence to support such a claim, the plaintiff has not met her burden of demonstrating the absence of a genuine issue of material fact as to whether the defendant's conduct was an unfair or deceptive trade practice. Furthermore, the plaintiff has not submitted any evidence with regard to [*10] damages. Violation of the Home Improvement Act is a per se violation of CUTPA with regard to whether conduct is an unfair or deceptive trade practice; nevertheless, the plaintiff still must present evidence of substantial damages for this court to determine that the defendant's actions violated CUTPA. See, e.g., *Rizzo Pool Co. v. Del Grosso,* 232 Conn. 666, 684 n.28, 657 A.2d 1087 (1995); *Web Press Services Corp. v. New London Motors, Inc.,* 205 Conn. 479, 484, 533 A.2d 1211 (1987). n3

---

n3 The third count of the complaint is unlabeled and does not plead facts. It is somewhat unclear what cause of action the plaintiff is attempting to state in this count because it essentially consists of a statement that violation of *General Statutes § 20-427(b)* constitutes an unfair or deceptive trade practice.

Because this issue is already addressed in conjunction with the second count of the complaint, it is unnecessary to reiterate in conjunction with the third count.

As to the defendant's [*11] counterclaim, the plaintiff alleges that the defendant violated the Home Improvement Act and that any contract between the parties is unenforceable. Although the Home Improvement Act is an appropriate defense to a counterclaim, the plaintiff's failure to provide any proof to support her allegation is fatal to her motion with regard to the defendant's counterclaim. n4

---

n4 The plaintiff raises the Home Improvement Act as both a cause of action supporting her CUTPA claim and as a defense to the defendant's counterclaim in her memorandum. [HN12] Unless a home improvement contract conforms to requirements of the Home Improvement Act, it is not valid or enforceable. See *General Statutes § 20-429(a)*. By making a breach of contract claim, however, the plaintiff is simultaneously alleging that a valid and enforceable contract existed that was breached by the defendant. While this would seem to be inconsistent, a similar situation existed in *Rizzo Pool Co v DelGrosso, supra, 232 Conn. 671*, where the defendant homeowner filed a counterclaim alleging breach of contract as well as a special defense alleging that the contract was unenforceable under the Home Improvement Act.

[*12]

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is denied.

D. Michael Hurley, Judge Trial Referee