**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

|  |  |
|---|---|
| STEWARD MACHINE COMPANY : | : |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00 CV 00834 (SRU) |
| : | |
| V. : | |
| : | |
| : | |
| WHITE OAK CORP., ET AL : | |
| Defendants : | February 21, 2005 |

_____

### **DEFENDANT WHITE OAK CORP.'S TRIAL BRIEF**

This confirms that defendant White Oak Corporation ("White Oak") joins in the Trial Brief of the Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") dated February 21, 2005 ("National Union's Trial Brief").

White Oak hereby adopts National Union's Trial Brief as follows:

- Summary of the Evidence and Statement of Facts at pages 1 through 47 of National Union's Trial Brief in its entirety, except for those arguments applicable only to a surety's liability, if any, under a payment bond issued pursuant to Conn. Gen. Stat. § 49-42, which arguments do not relate to White Oak.

Argument section as follows:

- Sections I. and II. in their entirety, including all subsections.

- Sections III., VI., VII., VIII., IX., X., XI., XIII. XV, XVI, and XVII. in their entirety.

- Section XII. in its entirety, except for those arguments applicable only to a surety's liability, if any, under a payment bond issued pursuant to Conn. Gen. Stat. § 49-42, which arguments do not relate to White Oak.

In addition to the facts and legal arguments set forth in National Union's trial brief and incorporated herein by reference, White Oak states as follows:

**A.**     **White Oak is not liable to Steward Machine for Attorneys' Fees**

The purchase order between Steward and White Oak (Defendants' exhibit 679) provides at paragraph 16 of the Terms and Conditions that:

> In the event that Buyer is required to engage the services of an attorney-at-law to enforce its rights under this contract the prevailing party shall be liable for reasonable attorneys' fees and costs.

White Oak is the "Buyer" under the purchase order. See, page 1, Defendants' exhibit 679.

Absent a statutory or contractual basis for an award of attorneys' fees, each party to a matter is responsible for its own fees and costs. Atlantic Mortgage & Investment Corporation v. Stephenson, 86 Conn. App. 126 (2004) (providing that under the "American Rule" attorneys' fees are not allowed to the prevailing party as an element of damages unless allowed by contract or statute). In the present case, the only contract

provision relating to attorneys' fees only pertains to the situation in which White Oak engages an attorney to enforce White Oak's rights under the contract. There is no contract provision pertaining to the situation in which Steward hires an attorney to enforce Steward's rights under the contract. Further, the only contract provision relating to attorneys' fees provides that the <u>prevailing party is liable for</u> reasonable attorneys' fees and costs. Thus, Steward is not entitled to any award of attorneys' fees against White Oak both because the contract only provides for an award of fees relating to White Oak's enforcing of its rights under the contract and because if Steward does recover against White Oak, Steward as the prevailing party would be liable for reasonable attorneys' fees and costs.

  The evidence will show that Whitney DeBardeleben negotiated the language of the attorneys' fees provision in the contract, editing paragraph 16 of the Terms and Conditions so that the paragraph reflected what he wanted with respect to attorneys' fees. The evidence will show that the handwritten notations contained in the contract (Defendants' exhibit 679) were made by Whitney DeBardeleben. To the extent the handwritten notations to paragraph 16 of the Terms and Conditions create any ambiguities, any ambiguity in the language must be construed against Steward as the drafter of the language. <u>Goldberg v. Hartford Fire Insurance</u> Company, 269 Conn. 550,

(2004) (holding that where there is ambiguity the contractual terms must be construed against the drafter).  As there is no statutory or contractual basis for an award of attorneys' fees to Steward, Steward's claim for attorneys' fees must be denied.

**B.**     **Steward is not Entitled to any Alleged Business Disruption Damages**

In addition to the arguments set forth in National Union's trial brief with respect to Steward's claim against White Oak for alleged business disruption damages, White Oak further states that Steward is not entitled to prosecute a claim for any alleged business disruption damages because Steward has not, in fact, pled any such damages or requested such relief in its complaint.  The complaint is a single count complaint.  In the complaint Steward alleges that the purchase order required White Oak to pay Steward's invoices within 10 days after the DOT paid White Oak for the machinery or within 60 days of Steward's invoice, whichever was sooner (Complaint, ¶ 13); that White Oak has not paid Steward in accordance with the terms of the purchase order (Complaint, ¶ 14); that Steward provided notice of its claim for equipment, storage charges, and interest pursuant to Conn. Gen. Stat. § 49-42 (Complaint, ¶¶ 21, 22); and Steward demands payment under the contract and under the payment bond.

There is no demand for, or even allegation relating to, any business disruption damages in the complaint. Steward's demand relates to equipment, storage charges, and interest.

The rules of civil procedure are designed to provide the parties with notice. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Steward has failed to allege any factual basis in its complaint for any alleged business disruption damages. Steward has failed to even claim business disruption damages as an element of its demand in the complaint. Fairness dictates that Steward's claims must be tried based on the facts and theories alleged in its complaint. There is no basis for an award of so-called business disruption damages.

C.     **Steward has Failed to Mitigate its Alleged Damages**

Even if Steward is allowed to proceed on its claim for alleged business disruption damages, for all of the reasons set forth in National Union's trial brief and adopted herein, Steward is not entitled to any award of damages for alleged business disruption. Even assuming arguendo that there is a legal basis for the award of such damages, and that Steward is able to prove such damages with a reasonable degree of certainty, Steward has the legal obligation to mitigate its damages, an obligation Steward utterly

failed to fulfill.  See, <u>Danpar Associates v. Somersville Mills Sales Room, Inc.</u> 182 Conn. 444 (1980) (Party alleging breach of contract is under an obligation to minimize the damages occasioned by the defaulting party's breach of contract.)  The evidence will show that if Steward was, in fact, suffering the "business disruption" damages it now alleges it incurred, Steward did nothing to mitigate the damages.  Why would Steward move machinery from its parking lot, where apparently it interfered with nothing, to inside where Steward alleges the "disruption" occurred.  Why would Steward give no notice of any labor inefficiency claim to the defendants until several years into the present lawsuit, if Steward was trying to mitigate its damages.  Steward's failure to mitigate its damages provides yet another basis for denying its claim for alleged business disruption damages.

**D.     Steward's Claims for Attorneys' Fees are Precluded in Part by the August, 2000 Agreement**

Assuming arguendo that Steward can prove some basis for an award of attorneys' fees, it cannot recover attorneys' fees incurred after August 24, 2000.  Such fees are precluded by paragraph 12 of the August 24, 2000 agreement between the parties, which provides that Steward, National Union and White Oak each agree that each will not seek to recover in the bond action any damages accruing after the date of the agreement.

Agreement, ¶12, Defendants' exhibit 565.  By seeking attorneys' fees accruing after August 24, 2000, Steward is in violation of the agreement.

**E.     Steward Cannot Recover for Attorneys' Fees Absent a Showing the Fees were Reasonable**

For the reasons set forth in section A, herein, there is no contractual basis for the award of attorneys' fees to Steward in the present action.  Even if the language of the paragraph 12 of the purchase order were tortured to create a basis for an award of attorneys' fees to Steward, paragraph 12 clearly provides for reasonable attorneys' fees.  Steward has presented no evidence demonstrating the fees incurred, what services were provided, or justifying the reasonableness of the fees.  Further, assuming arguendo that there is any basis for an award of attorneys' fees to Steward, Steward cannot recover for fees not incurred in connection with the prosecution of this action.

**F.     Steward cannot recover Damages under the Collateral Agreement because it is not a Contract.**

Steward is precluded from recovering any damages related to, pertaining to or arising from the alleged "collateral agreement" because it is not a valid contract.  There is no evidence of a written contract between White Oak and Steward pertaining to Steward's claims for business disruption or storage fees.  There is also no evidence of an implied contract.  Neither Steward nor White Oak agreed, either by their words or actions

or conduct, to undertake any form of actual contractual commitment for these fees.  Thus, Steward cannot prove, taking into account the existence of the purchase order and the parties' actions, that White Oak exhibited the requisite intent to enter into an implied contract.  Boland v. Catalano, 202 Conn. 333, 336-37, 521 A.2d 142 (1978).

Because the "collateral agreement" is not an implied contract, Steward cannot recover any damages in quantum meruit or unjust enrichment.  Quantum meruit is usually a remedy based on an implied contract and usually relates to the benefit of work, labor or services received by the party who was unjustly enriched, whereas unjust enrichment relates to a benefit of money or property.  United Coastal Industries, Inc. v. Clearheart Const. Co., Inc., 71 Conn. App. 506, 512-13, 802 A.2d 901 (2002).  The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit.  Id.  Quantum meruit applies when the Court determines that an implied contract for services existed between Steward and White Oak, and that, therefore, Steward is entitled to the reasonable value of services rendered.  Burns v. Koellmer, 11 Conn. App. 375, 384, 527 A.2d 1210 (1987).  Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered.  Id.

Steward must prove that White Oak, by knowingly accepting the services of Steward and representing to Steward that it would be compensated in the future,

impliedly promised to pay Steward for the services that Steward rendered. Id. at 383-84. There is no evidence that White Oak notified Steward that it would compensate Steward for any business disruption or storage fees. The claimed business disruption damages are not, in fact, services provided by Steward. Furthermore, Steward cannot show that White Oak's conduct implied that it would pay Steward for such fees. Accordingly, Steward cannot recover any damages from White Oak for any business disruption or storage fees under a quasi-contractual or alternate contract theory.

                DEFENDANT,
                WHITE OAK CORPORATION


By: _____
     Jane I. Milas (ct01271)
     Frederick E. Hedberg (ct22398)
     Garcia & Milas, P.C.
     44 Trumbull Street
     New Haven, CT 06510
     Tel.:   (203) 773-3824
     Fax:   (203) 782-2312
     Email: jmilas@garciamilas.com

## **CERTIFICATION**

This is to certify that on this _____ day of February, 2005, a copy of the foregoing was sent via first class mail, postage prepaid, or hand delivered to all counsel and pro se parties of record as follows:

William Egan, Esq.
Barbara Crowley, Esq.
Egan & Crowley
234 Church Street
New Haven, CT  06510

Gary M. Case, Esq.
Wolf, Horowitz, Etlinger & Case, LLC
99 Pratt Street, 4th Floor
Hartford, CT  06103

_____
Jane I. Milas