*Steward v. White Oak*

FILED  3:00cv834(SRU)

time period required under the applicable Connecticut Statutes. The Defendants further contend that the Plaintiff has improperly calculated its claims for interest and service charges under the subcontract.

2005 MAR 14  
US DISTRICT COURT  
BRIDGEPORT CT

7. TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to a trial before a Magistrate Judge.

8. LIST OF WITNESSES

For the Plaintiff:

(a) Witnesses Expected to be Called

2-28-05 / 3-2-05  1. Whitney DeBardeleben – President & C.E.O. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding the history and setup of Steward Machine, the history of the project, billings, payments and damages

2. Jerry D. Shivers – Project Manager & V.P. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding the history of the project, payments and damages

3-1-05  3. Rachel S. Hill – C.F.O. Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding billings, payments and damages

3-2-05  4. Hoyt W. Davis, Jr.- Manager Plant 2 Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 -Will testify the setup and operation of Plant 2 and damages

(b) Witnesses who may be called if need arises

1. Charles W. DeBardeleban – Exec. V.P. & General Counsel Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 -Will testify regarding payment/collection history

2. Simmes D. Bevill – Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages

3-2-05  3. James F. Alison, III– Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages

4. Jerry F. Hampton– Project Manager Steward Machine, 3911 13th Avenue North, Birmingham, AL 35234 - Will testify regarding damages

5. D.L. Welsh – former employee of Steward Machine – 123 Underwood Drive, Palatka, FL – will testify regarding estimating of the Kansas City Southern job

3-2-05  David Shugurt, Alabama

3

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

6. Joe. D. White – inspector on behalf of DOT – 88 Durham Lane, Dora, AL – Will testify regarding his inspections, inspection reports, and applications for payment
7. Thurman L. Durham - inspector on behalf of DOT – 231 Ridge Ave., Bessemer, AL – Will testify regarding his inspections, inspection reports, and applications for payment
8. Danny Gist – Warrior River Steel – 2006 Waterloo, Russellville, AL – Will testify regarding the rental of his facility to Steward for storage, including attributes of facility and rental charges
9. Bill Crow – Shaw Warehouse Co., 3100 1st Avenue South, Birmingham, AL – Will testify regarding the nature of his facility for storage of equipment and contact with defendant's expert witness
10. Steven Weil – Weil Wrecker Service, 109 34th Street S., Birmingham, AL – Will testify regarding the nature of his facility for storage of equipment and contact with defendant's expert witness
11. Paul Skelton – Hardesty & Hanover, 1501 Broadway, New York, N.Y. – Will testify regarding the plans, drawings and specifications for the project
12. Brenda S. Tidwell – AR Clerk Steward Machine - Will testify regarding accounts receivable billings and payments
13. Howard Johnston – AEA Group, LLC – 2 20th Street, Suite 1400, Birmingham, AL – Will testify regarding regarding the compilation of records for Mr. Alexander and the production of those documents to Mr. Zito.

(e) 7. Expert Witnesses  NO

3-3-05  1. J. Lester Alexander, III – AEA Group. LLC, 2 20th Street, Suite 1400, Birmingham, AL

Mr. Alexander is a certified public accountant and has approximately twenty-four years of professional experience. He is a certified fraud examiner, and he holds an accounting degree from the University of Alabama. His resume is attached.

Mr. Alexander determined the economic costs incurred by Steward, a custom manufacturing company, due to the labor inefficiency that resulted from the unplanned storage in its fabrication shop of certain machinery specially manufactured for White Oak. In addition, he has determined the economic costs incurred to properly maintain the White Oak Project during the storage period (hereafter referred to as "maintenance"), including costs incurred to temporarily relocate the White Oak Project to mitigate additional business interruption that would have otherwise occurred.

His opinions, the basis for his opinions, and the list of materials upon which he relies, are set forth in his report, which is attached. In summary, his opinions are as follows:

4

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

- Steward's storage of the White Oak Project led to decreased labor efficiency of 44.0 percent in its fabrication shop during the storage period. As a result, Steward incurred economic costs of $2,647,766 including pre-judgment interest through the date of trial (computed through the date of his report) during the storage period.
- In addition, Steward's storage of the White Oak Project led to decreased efficiency of 17.9 percent in its machine shop during the storage period. As a result, Steward incurred economic costs of $797,796 including pre-judgment interest through the date of trial (computed through the date of his report) during the storage period.
- Further, Mr. Alexander is of the opinion that Steward incurred economic costs of $598,811, including prejudgment interest through the date of trial (computed through the date of his report), related to the required maintenance of the White Oak Project during the storage period.

Mr. Alexander will also testify regarding standard accounting principles which are relevant to this case.

For the Defendants:

(a) Witnesses Expected to be Called

3-3-05  1. Robert Hackling – White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages

2. Roger Toffolon - White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages

3-7-05  3. George Rettig - Torre, Lentz, Gamell, Gary & Rittmaster 100 Jericho Quadrangle, Suite 309, Jericho, NY – Will testify regarding his visual inspection(s) of the machinery, his discussions with representatives of the Plaintiff, and AIG's position regarding the Plaintiff's claims

4. Len Geraci - A.I.G. Technical Services 175 Water Street, 7th Floor New York, NY- Will testify regarding AIG's position regarding the Plaintiff's claims

3-8-05  5. Bob Pellerin – Cianbro Corp., 40 E. Dudley Town Road, Bloomfield CT – Will testify regarding his visual inspection of the machinery and other issues relating to the role of Cianbro Corp. and the procurement of the machinery

6. Chet Muckinhirn - Cianbro Corp., 40 E. Dudley Town Road, Bloomfield CT - Will testify regarding the status of completion of the machinery and other issues relating to the role of Cianbro Corp. and the procurement of the machinery.

3-7-05  7.  Daniel Furlani – State of Connecticut Department of Transportation, 280 West Street, Rocky Hill CT - Will testify regarding the status of completion of the machinery and the role of the DOT in the administration of the project

8.  Jay Mellinger – Pennoni Associates, 36032 Horizon Drive, Suite 160, King of Prussia, PA - Will testify regarding his inspection of the machinery, his report and the reports of other Pennoni Associates employees

(c)  Witnesses who may be called if need arises

3-7-05  1.  Jack Morrissey – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages

2.  Robert Wittenburg - A.I.G. Technical Services
75 Water Street, 7th Floor New York, NY - Will testify regarding his visual inspection(s) of the machinery, his discussions with representatives of the Plaintiff, and AIG's position regarding the Plaintiff's claims

3.  Martina Rozumberkova - Tofias, PC, 350 Massachusetts Avenue Cambridge, MA – Will testify regarding the documents produced by the Plaintiff to the Defendants

3-7-05  4.  George Hird – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages

3-8-05  5.  Paul Mayotte – formerly of White Oak Corporation, 7 West Main Street, Plainville, CT - Will testify regarding the administration of the project, payments, and the Plaintiff's claims for damages

6.  Kathleen Boyle – Parsons Brinckerhoff, Parsons Brinckerhoff, One Penn Plaza, New York NY, will testify regarding the administration of the project and payments made to White Oak

7.  TL Durham, Pennoni Associates, 36032 Horizon Drive, Suite 160, King of Prussia, PA - Will testify regarding his inspection of the machinery, his report and the reports of other Pennoni Associates employees

(d)  Expert Witnesses

*Expert witness*

3-8-05  1.  Frank Zito - Tofias, PC, 350 Massachusetts Avenue Cambridge, MA
Mr. Zito's expertise is in the area of calculation and analysis of construction claims and damages. He is a licensed CPA. His resume is attached. His opinions, the basis for his opinions, and the list of materials

WOLF, HOROWITZ, ETLINGER, & CASE L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103 *(860) 724-4667 * Fax (860) 293-1979 * Juris No. 402488

upon which he relies, are set forth in his report, which is attached. In summary, his opinions are as follows:

- There is no amount due to the Plaintiff;
- The Plaintiff overstated its claim, assuming that a proper and reasonable method of damages is the market cost of storing the machinery including its maintenance during this period;
- The Plaintiff has double counted a portion of its claim, in that the plaintiff has claimed damages for the storage space taken by the machinery at its facility and also claims that the actual storage of the machinery for which it seeks payment caused it to lose labor efficiencies in its fabrication and machine shops;
- The alleged labor hour inefficiencies as set forth in Plaintiff's expert report are based on an assumption that the machinery caused 100% of the inefficiencies on all of the selected jobs in the fabrication and machine shops during the holding period without really knowing the actual location of the stored machinery. Further, the Plaintiff's expert's report includes highly speculative assumptions regarding (1) the reasonableness of the estimated hours and actual hours to complete a job; (2) the selected jobs that are included in determining the amount of lost efficiency; and (3) the application of the inefficiency factor to all unidentified jobs.

9. DEPOSITION TESTIMONY

For the Plaintiff:

For the Defendants:

The Defendants anticipate that Jay Mellinger will testify by deposition. The following line and page numbers will be offered (from Mr. Mellinger's deposition of July 5, 2003) –
pp. 3-5, all lines
p. 6, lines 12-25
pp. 7-24, lines 1 – 9

The Defendants anticipate that Daniel Furlani may testify by deposition. The following line and page numbers may be offered (from Mr. Furlani's deposition of July 29, 2003) –

pp. 5 – 43, all lines

The plaintiff does not agree to Mr. Furlani testifying via deposition.