UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEWARD MACHINE CO., INC. | CASE NO. 3:00CV 834 (SRU) |
| V. | |
| WHITE OAK CORP. and<br>NATIONAL UNION FIRE<br>INSURANCE CO. OF PITTSBURGH, PA. | DECEMBER 4, 2006 |

## MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR STAY OF PROCEEDINGS PENDING APPEAL

### Relief Sought

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA. defendant and appellant in this matter, moves this Court for an order approving the proposed supersedeas bond, a copy of which is attached to Motion as Exhibit "A," and specifically approving the amount of the proposed bond and the sufficiency of the proposed sureties.

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA further moves this Court for an order, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, staying any proceedings to enforce the judgment entered in this action on November 21, 2006 pending the determination of NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA's appeal from this judgment.

## Grounds for Relief

1. A judgment was entered against NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA by this Court on November 21, 2006.

2. NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA desires to appeal this judgment and have this judgment stayed during the pendency of the appeal.

3. NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA has duly filed a Notice of Appeal with this Court on December 4, 2006, and may obtain a stay on appeal under the provision of Rule 62(d) of the Federal Rules of Civil Procedure as soon as this Court approves a supersedeas bond.

4. Upon approval of the supersedeas bond, NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA is entitled to an automatic stay of proceedings to enforce the judgment during the pendency of the appeal. See <u>Cinerama, Inc. v. Sweet Music, S. A.</u>, 482 F.2d 66, 68 (2nd Cir. 1973) (noting that a supersedeas bond filed under Rule 62(d) automatically stays proceedings pending appeal); <u>In re Federal Facilities Realty Trust</u>, 227 F.2d 651, 655 (7th Cir. 1955) (stay automatically follows approval of supersedeas bond and district court has no discretion in the matter). <u>See also</u> 12 James W. Moore, Moore's Federal Practice §62.03 (3d ed. 2001) ("[A]n appealing party is entitled to a stay of enforcement as a matter of right under Rule 62(d) if a supersedeas bond is filed with the court.").

5. The proposed bond attached to this Motion as exhibit "A" should be approved because the bond is in an amount that provides adequate security for the plaintiff, Steward Machine Co., Inc., if the appeal is not successful. In particular, the bond is in the amount of $1,577,139.00, which represents the principal amount awarded in the judgment plus accrued

interest, so that the bond could fully compensate Steward Machine Co., Inc. for the full amount of the judgment.

By: _____
Gary M. Case - ct09610
Email: gcase@wolfhorowitz.com
Wolf, Horowitz, Etlinger, & Case LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
(860) 724-6667

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEWARD MACHINE CO., INC.

v.

WHITE OAK CORP. and
NATIONAL UNION FIRE
INSURANCE CO. OF PITTSBURGH, PA.

3:00cv834 (SRU)
SUPERSEDEAS BOND

## SUPERSEDEAS BOND

### Recitals

1. A judgment was entered in the above action on November 20, 2006 in the United States District Court for the District of Connecticut, against the Appellant, National Union Fire Insurance Co. of Pittsburgh, PA, and in favor of Steward Machine Co., Inc.

2. National Union Fire Insurance Co. of Pittsburgh, PA has filed a timely notice of appeal of this judgment to the United States Court of Appeals for the Second Circuit and desires to suspend enforcement of the judgment pending determination of the appeal.

### Promise to Pay

As a result, National Union Fire Insurance Co. of Pittsburgh, PA as principal, and American Home Assurance Company, as surety, undertake and promise to pay to Steward Machine Co., Inc. all damages, costs, and interest that may be awarded to it following the appeal of this matter up to the sum of $1,577,139 if:

    a.    The Judgment so appealed from its affirmed:

    b.    The appeal is dismissed; or

c.  National Union Fire Insurance Co. of Pittsburgh, PA fails to pay promptly all sums awarded against it following the appeal in this action, including any costs that the court of appeals may award if the judgment is modified.

If National Union Fire Insurance Co. of Pittsburgh, PA fulfills the obligations on appeal set forth above, then this obligation will become void. Otherwise, the obligation will remain in full force and effect.

Dated: _____11-30-2006_____

For the principal

_____
National Union Fire Insurance Co. of Pittsburgh, PA

For the surety:

_____
American Home Assurance Company
Jessica Rosser,    Attorney-In-Fact

Bond No. 29-16-23

6958

## POLICYHOLDER NOTICE

Thank you for purchasing insurance from a member company of American International Group, Inc. (AIG). The AIG member companies generally pay compensation to brokers and independent agents, and may have paid compensation in connection with your policy. You can review and obtain information about the nature and range of compensation paid by AIG member companies to brokers and independent agents in the United States by visiting our website at www.aigproducercompensation.com or by calling AIG at 1-800-706-3102.

American Home Assurance Company
National Union Fire Insurance Company of Pittsburgh, Pa.
Principal Bond Office: 175 Water Street, New York, NY 10038

**POWER OF ATTORNEY**

No. 09-E-1064588

**KNOW ALL MEN BY THESE PRESENTS:**

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation, does each hereby appoint

--- Jessica Rosser of Dallas, Texas ---

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. have each executed these presents this 22nd day of May, 2006.

Vincent P. Forte, Vice President

STATE OF NEW YORK }
COUNTY OF NEW YORK } ss.

On this 22nd day of May, 2006 before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office

JULIANA E. HALLENBECK
NOTARY PUBLIC, STATE OF NEW YORK
No. 01HA6125671
QUALIFIED IN BRONX COUNTY
MY COMMISSION EXPIRES APRIL 18, 2009

**CERTIFICATE**

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

"RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

"RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact "

I, Elizabeth M Tuck, Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, Pa do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation this 30th day of November, 2006

Elizabeth M. Tuck, Secretary




65166 (4/96)

American Home Assurance Company
National Union Fire Insurance Company of Pittsburgh, Pa.
Principal Bond Office: 70 Pine Street, New York, N.Y. 10270

**POWER OF ATTORNEY**

No. 01-B-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

KNOW ALL MEN BY THESE PRESENTS:

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation, does each hereby appoint

--- Mark Pessolano of New York ---

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. have each executed these presents this 26th day of August, 2004.



Peter A. Scarpato
Vice President

STATE OF NEW YORK }
COUNTY OF NEW YORK }ss.

On this 26th day of August 2004, before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office.

JOSEPH B NOZZOLIO
Notary Public, State of New York
No. 01-NO4652754
Qualified in Westchester County
Commission Expires Jan. 31, 2006

**CERTIFICATE**

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

"RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

"RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact."

I, Elizabeth M. Tuck, Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, Pa. do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation this 29th day of November, 2006.



Elizabeth M. Tuck, Secretary

65166 (4/96)

## **CERTIFICATION**

This is to certify that a true copy of the foregoing was mailed via first class postage, prepaid, this 4th day of December, 2006 to all counsel of record as follows:

William Egan, Esq.
Barbara Crowley, Esq.
Egan & Crowley
234 Church Street
New Haven, CT  06510

Jane Milas, Esq.
Garcia & Milas
44 Trumbull Street
New Haven, CT  06510

_____
Gary M. Case

6994

WOLF, HOROWITZ, ETLINGER & CASE, L.L.C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103*(860) 724-6667* Fax (860) 293-1979 * Juris No. 402488

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEWARD MACHINE CO., INC.                    CASE NO. 3:00CV 834 (SRU)

V.

WHITE OAK CORP. and
NATIONAL UNION FIRE
INSURANCE CO. OF PITTSBURGH, PA.             DECEMBER ___, 2006

## ORDER APPROVING SUPERSEDEAS BOND AND STAYING PROCEEDINGS PENDING APPEAL

On December 4, 2006, NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA. made a motion in this Court for approval of a proposed supersedeas bond in order to secure a stay of proceedings to execute a judgment entered by the Court on November 21, 2006 pending NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA's appeal of that judgment. Having duly considered this motion, it appears to the Court that the proposed supersedeas bond is in correct form, in a sufficient amount to provide adequate security for those opposing the appeal, and is backed by a duly-qualified surety. Therefore,

IT IS ORDERED that:

1. The supersedeas bond in the form, amount, and with the sureties as shown in the Exhibit to the Motion for Approval of Supersedeas Bond is approved by this Court.

2. Any proceedings to enforce the judgment entered in this action on November 21, 2006 are stayed pending the determination of NATIONAL UNION FIRE INSURANCE CO.

OF PITTSBURGH, PA's appeal from this judgment, provided that NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA file the supersedeas bond in the form, in the amount, and with the surety approved by this court on or before _____.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

WOLF, HOROWITZ, ETLINGER & CASE, L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06103*(860) 724-6667* Fax (860) 293-1979 * Juris No. 402488